UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHAPTER 13 TRUSTEE ON BEHALF OF | * | CIVIL ACTION |
| MICHELLE L. DEXTER | * | NO. |
| | * | |
| | * | SECTION |
| versus | * | JUDGE |
| | * | |
| | * | DIVISION |
| | * | MAGISTRATE |
| WAL-MART LOUISIANA, LLC | * | |
| * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DAMAGES - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

The Complaint of Michelle L. Dexter, a White female of the full age of majority and a resident and domiciliary of the Parish of Tangipahoa, State of Louisiana, by and through the Chapter 13 Trustee respectfully avers as follows:

1. Made defendant is Wal-Mart Louisiana, LLC, a foreign entity authorized to do and doing business in the State of Louisiana, within the Eastern District. At all times pertinent hereto, the actions complained of occurred within the Eastern District of Louisiana.

2. Wal-Mart Louisiana, LLC is an employer as defined by Title VII of the Civil Rights Act of 1964, as amended, and is thus amenable to suit.

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action properly lies in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b).

4. Michelle L. Dexter (Dexter) filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana, Case No. 10-1107, Section A. Dexter files this suit through the Chapter 13 Trustee.

**FACTS**

5.      Dexter began working for Wal-Mart Louisiana, LLC (Wal-Mart) at store #0489 in Hammond, Louisiana as a pharmacy clerk on February 12, 2005 earning $7.20.  Dexter worked well and to the satisfaction of her employer over the next six and a half years, earning accolades and raises to $12.10.  Each of Dexter's evaluations was excellent, and Dexter had not received any coachings or other discipline until after June 22, 2011.

6.      Samuel Al-Amin (Black) was employed by Wal-Mart in the capacity of assistant manager in store #489.  Al-Amin habitually treated Black employees of Wal-Mart differently and less favorably than White employees. In the beginning of July 2011, Samuel Al-Amin demanded that Dexter leave the pharmacy and work in a section in the grocery.  Dexter was prohibited from doing so by store policy.  Heated words followed, and Dexter protested directly to Samuel Al-Amin that his attitude was motivated by race.  Shortly thereafter, Dexter went to the store manager, Buffy Burns (White), to complain.  Dexter told Burns that Samuel Al-Amin treated her in a hostile and racially offensive manner and that Dexter perceived that Al-Amin's actions stemmed from overt racial hostility.  In response to Dexter's complaint, Burns denied the coaching that Al-Amin had recommended.

7.      On Friday, July 29, 2011, when Dexter's White supervisor was out on vacation, Joey Landry of Loss Prevention and Jennifer Delaune, the co-manager, called Dexter into the office to discipline her for taking an extended lunch break on June 22, 2011, seventeen minutes beyond the fifteen allotted.  Dexter's co-worker, Sarah Eckhout (White), was similarly reprimanded. Dexter and Eckhout routinely go on breaks together and both had previously been disciplined by Darren Martin, their supervisor, for taking the extended break.

8. Dexter, but not Eckhout, was terminated on August 3, 2011 for the stated reason of "payroll integrity and misuse of company time for the date of 6/22/2011." At that time, Landry and Delaune told Dexter that she had extended her lunch break by two hours instead of the previously stated extension of seventeen minutes. Neither Landry nor Delaune could produce any document or other proof that Dexter had falsified any time sheets. Eckhout was not accused of taking any two-hour break, although she had been with Dexter, nor had she ever complained of race-based hostility at Wal-Mart. At the time of Dexter's termination, her White supervisor was away on vacation. Al-Amin, her next level supervisor, was present in the store at this time.

9. Wal-Mart acted largely or exclusively on information provided by Samuel Al-amin, who in turn acted on wholly impermissible motives of racial animosity and retaliation. Wal-Mart's decision maker conducted no meaningful independent investigation into the facts of Dexter's termination, nor did that decision maker solicit input from Darren Martin, Dexter's direct supervisor. Wal-Mart's store manager Buffy Burns had direct knowledge of Dexter's complaints against Samuel Al-Amin and acted with apparent disregard of Dexter's federally protected rights when she failed and/or refused to present those pertinent facts to the Wal-Mart agent who terminated Dexter's employment.

10. Dexter was replaced at work by Jackie Brumfield (Black).

## RACE DISCRIMINATION AND RETALIATION

11. The real reason Dexter was terminated was because of her race (White) and because she complained of race-based hostility. This constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, as prohibited in 42 U.S.C. §§ 2000e-2(a), -3(a). As such, Wal-Mart is liable unto Dexter for the damages set out below.

12. Dexter filed a charge with the United States Equal Employment Opportunities Commission (461-2011-02047) and received her right to sue letter on October 6, 2011.

13. As a result of Wal-Mart's violation of Title VII of the Civil Rights Act of 1964, as amended, Dexter is entitled to the damages set out in 42 U.S.C. § 2000e-5(g), (k) in the following, non-exclusive respects:

    a. lost wages, salary, employment benefits, or other compensation denied or lost;

    b. general damages for usual mental upset and distress;

    c. punitive damages;

    d. equitable relief as may be appropriate including reinstatement or, in the alternative, front pay with benefits;

    e. reasonable attorney's fees (including expert fees if incurred), and other costs of the action.

14. Dexter demands and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Chapter 13 Trustee on behalf of Michelle L. Dexter prays that this, her Complaint, be cited and served on Defendant Wal-Mart Louisiana, LLC, that Defendant Wal-Mart Louisiana, LLC be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff Chapter 13 Trustee on behalf of Michelle L. Dexter and against Defendant Wal-Mart Louisiana, LLC in an amount to be determined as just under the circumstances, for all equitable relief deemed just and proper by this Court, and for legal interest from the date of judicial demand at the rate prescribed by the State of Louisiana.

Plaintiff Chapter 13 Trustee on behalf of Michelle L. Dexter further prays for a trial by jury on all issue so triable.

        Respectfully submitted,
        LAW OFFICE OF DALE EDWARD WILLIAMS

        /s/Dale E. Williams
        Dale E. Williams, Bar #18709
        212 Park Place
        Covington, Louisiana 70433
        Telephone: (985) 898-6368
        Facsimile:   (985) 892-2640
        mailto:dale@daleslaw.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE L. DEXTER | * | CIVIL ACTION |
| | * | NO. |
| | * | |
| | * | SECTION |
| versus | * | JUDGE |
| | * | |
| | * | DIVISION |
| | * | MAGISTRATE |
| WAL-MART LOUISIANA, LLC | * | |
| * * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint for Damages - Title VII of the Civil Rights Act of 1964, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 13th day of October 2011.

_____
MICHELLE L. DEXTER